UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD P. NOEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:07-cv-00305-SEB-JMS |
| | ) |
| WAL-MART STORES EAST, L.P., and | ) |
| DR. RHONDA BLAKE, | ) |
| | ) |
| Defendants. | ) |

**SECOND AMENDED COMPLAINT**

Plaintiff, RICHARD P. NOEL ("Plaintiff" or "Mr. Noel"), by counsel, hereby files this Second Amended Complaint against Defendant, WAL-MART STORES EAST L.P. ("Wal-Mart") and Dr. Rhonda Blake (Dr. Blake") (together "Defendants"), for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA") and against Wal-Mart for injunctive relief, damages, attorney's fees and costs pursuant 29 U.S.C. § 794, Section 504 (hereinafter"Section 504 of the Rehabilitation Act") and alleges:

**JURISDICTION AND PARTIES**

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181 et seq. and for declaratory and injunctive relief pursuant to Section 504 of the Rehabilitation Act, as well as compensatory and punitive damages pursuant to Section 504 of the Rehabilitation Act.  This Court is vested with original jurisdiction under 28 U.S.C. §§

1331 and 1343.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and Local Rules of the United States District Court for Southern District of Indiana.

3.     Plaintiff is a resident of Marion County, Indiana and is a qualified individual with a disability under the ADA as he is, among other qualifying things, profoundly deaf and communicates in American Sign Language.

4.     Defendant Wal-Mart is a foreign corporation that is conducting business in the State of Indiana.  Upon information and belief, Wal-Mart operates a Vision Care medical care facility located at Store # 2787, 7325 North Keystone Avenue, Indianapolis, Indiana, 46240.

5.     Defendant Dr. Blake also operates the Vision Care medical facility at issue.

6.     All events giving rise to this lawsuit occurred in the Southern District of Indiana, thus venue is proper.

7.     There is a real and immediate threat of future harm, and there is a likelihood that Mr. Noel will be going back to Defendants' premises, and it is also likely that Mr. Noel will suffer blatant discrimination at the hands of Defendants; in support thereof Mr. Noel alleges the following to establish standing:

   a.     Mr. Noel has suffered from recurrent problems with his eyes and his contact lenses, for which he requires medical treatment and proper fitting;

   b.     Mr. Noel lives in close proximity to Defendants' Vision Care facility;

   c.     Mr. Noel attempted to schedule an appointment with Defendants, identified to Defendants that he was deaf, and requested that a qualified sign language interpreter be provided during his appointment.  Defendants refused this request and informed Mr. Noel that

Defendants do not provide sign language interpreters.

      d.      Defendants refused, and continue to refuse, to provide a qualified sign language interpreter for Mr. Noel, despite his repeated requests;

      e.      Mr. Noel still desires to be treated at Defendants' premises and to purchase vision related prescriptions and merchandise and he intends to return to Defendants' premises in the future.

## FACTS

8.      On or about January 19, 2006, Mr. Noel contacted the Wal-Mart Vision Center via telecommunications relay service ("TRS") and spoke with a representative who identified herself as "Lisa." Mr. Noel informed Lisa that he was experiencing problems with his contact lenses, which he believed were causing infections in his eyes. Mr. Noel scheduled an eye exam for February 1, 2007, informed Lisa that he was deaf and requested that a qualified sign language interpreter be provided for his appointment. Lisa told Mr. Noel that Wal-Mart did not have a sign language interpreter, and stated further that she believed an interpreter was not necessary because they could communicate with a pen and paper. Mr. Noel reiterated his need for a sign language interpreter, and told Lisa that he was not able to effectively communicate in written English. Lisa then informed Mr. Noel that he needed to speak with the Optometrist about the sign language interpreter issue. Mr. Noel's telephone call was placed on hold and, a few minutes later, an individual identified herself as "Dr. Blake." Mr. Noel again explained his need for a sign language interpreter. Dr. Blake told Mr. Noel that she needed to speak with Wal-Mart's manager to determine whether a sign language interpreter would be provided. Dr. Blake

then told Mr. Noel that she would contact him "within a few days."

9. On January 23, 2007, Mr. Noel again contacted the Wal-Mart Vision Center via TRS because he had not been contacted as promised. Mr. Noel's call was transferred to Dr. Blake, who informed him that Wal-Mart would not provide a sign language interpreter.

10. Mr. Noel still desires to be treated by Wal-Mart Vision Center regarding his medical condition and need for prescription contact lenses and vision-related merchandise.

11. Defendants have refused to provide a qualified sign language interpreter and have denied medical treatment to Mr. Noel. Because of his disability, Mr. Noel is being excluded from Defendants' services.

12. Defendants' actions have caused Mr. Noel to experience shame, anxiety, emotional distress, fear and discrimination.

13. Defendant Wal-Mart willfully, knowingly and intentionally discriminated against Mr. Noel in violation of Title III of the ADA and Section 504 of the Rehabilitation Act and caused Mr. Noel to suffer and continue to suffer mental and physical pain and anguish. Defendant Dr. Blake willfully, knowingly and intentionally discriminated against Mr. Noel in violation of Title III of the ADA .

## COUNT I
## DEFENDANTS VIOLATED TITLE III OF THE ADA

14. Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one through thirteen.

15. Plaintiff is an individual with a disability under Title III of the ADA and met the essential eligibility requirements for Defendants' services at all times material hereto.

16. Defendants operate and provide a public accommodation and must provide qualified sign language interpreters when necessary to provide effective communication.

17. Defendants violated Title III of the ADA when they:

   a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

   b. Failed to ensure that communications with Plaintiff were as effective as communications with hearing patients;

   c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Plaintiff; and

   d. Excluded Plaintiff from services and denied Plaintiff the benefit of these services due to his disability.

18. Plaintiff has been and will continue to be denied access to, and the benefit of, services available by Dr. Blake and the Wal-Mart Vision Center because Mr. Noel has a definite need and intention to return to Dr. Blake and the Wal-Mart Vision Center in the future.

19. Mr. Noel has a realistic, credible, existing and continuing threat of discrimination from Defendants' continuing violations of the ADA based on the violations set forth in this Complaint. Mr. Noel has a reasonable fear he will continue to be discriminated against in violation of the ADA unless he is afforded injunctive relief by the Court.

20. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

21. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief.

## COUNT II
## DEFENDANT WAL-MART VIOLATED SECTION 504
## OF THE REHABILITATION ACT

22. Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one through twenty-one.

23. Plaintiff is deaf and his disability substantially limits major life activities, including his ability to effectively communicate with others who do not know American Sign Language. Therefore, Plaintiff is considered to be an individual with a disability under Section 504 of the Rehabilitation Act. Plaintiff is otherwise qualified under Section 504 of the Rehabilitation Act because he meets the essential eligibility requirements for Wal-Mart's services at all times material hereto. Further, upon information and belief, Wal-Mart is a recipient of federal financial assistance.

24. Wal-Mart's policies, practices and procedures, particularly the actions and omissions described above, violated Plaintiff's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of a disability.

25. Wal-Mart also denied Plaintiff services that it made available to non-disabled patients.

26. Wal-Mart violated Plaintiff's rights through its repeated refusal to reasonably accommodate Plaintiff with auxiliary aids and services and its refusal to modify policies and procedures to prevent discrimination.

27.     Plaintiff has suffered severe emotional distress and damages, and continues to suffer distress and damages, due to Defendants' violations of Section 504 of the Rehabilitation Act.

**WHEREFORE** Plaintiff respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendants:

    a.     To cease discrimination against Plaintiff and other deaf and hard of hearing patients;

    b.     To promulgate and comply with policies and procedures to ensure that Defendants and its staff do not discriminate against individuals who are deaf and hard of hearing.

    c.     To promulgate and comply with procedures to ensure that Defendants will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendants;

    d.     To promulgate and comply with procedures to ensure that Defendants will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendants will provide sign language interpreters, TTYs and/or other communication services that ensure effective communication with deaf and hard of hearing persons.

    e.     Award compensatory and punitive damages against Wal-Mart under Section 504 of the Rehabilitation Act.

    f.     Award reasonable costs and attorney's fees; and

    g.     Award any and all other relief that may be necessary and appropriate.

Respectfully submitted,

 /s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr.

/s/ Andrew G. Jones
Andrew G. Jones

/s/ Elizabeth A. Joseph
Elizabeth A. Joseph


GIBBONS JONES, P.C.
10401 N. Meridian St., Suite 300
Indianapolis, Indiana 46290
Telephone:	(317) 706-1100
Facsimile:	(317) 616-3336
E-Mail:	pgibbons@gibbonsjones.com
	ajones@gibbonsjones.com
	ejoseph@gibbonsjones.com
Attorney for Plaintiff